IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEVONTY T. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-1496 (RDA/WEF) |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") issued by U.S. Magistrate Judge William E. Fitzpatrick on December 23, 2024. Dkt. 20. Judge Fitzpatrick recommended that Plaintiff Devonty T. Hall's Motion for Summary Judgment (Dkt. 6) be granted and that Defendant Commissioner of Social Security's Motion for Summary Judgment (Dkt. 10) be denied. *Id.* at 15. Defendant filed an Objection (Dkt. 23) to the R&R and Plaintiff filed a Response (Dkt. 24). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. For the reasons that follow, the Court ACCEPTS and ADOPTS the R&R, OVERRULES the Objection, GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's motion for summary judgment.

1

## I. BACKGROUND

### A. Factual Background[1]

On July 12, 2021, Plaintiff applied for Supplemental Security Income ("SSI") alleging a disability onset date of June 1, 2021. AR 98, 212-20. Plaintiff claimed that he suffered from the following mental conditions: post-traumatic stress disorder, a learning disability, bipolar disorder, and a mood disorder. AR 240. In support of his application, Plaintiff submitted: (i) medical records; (ii) the opinions of psychologists Dr. Garcia and Dr. McCleary; (iii) the report of the initial psychological examination by Dr. Perrott; and (iv) the report of the reconsideration of the initial psychological examination by Dr. Saxby. AR 31-107, 314-411.

Plaintiff was born in 1990 and was thirty years old at the time of the alleged onset of the disability in June 2021. AR 212. Plaintiff graduated from high school through a special education program. AR 48, 241. Plaintiff worked at several jobs from 2007 to 2012 and in 2014, including at a restaurant, the Salvation Army, and for a moving company, although his work at each was minimal. AR 49-51, 235-36. Plaintiff was also incarcerated in state prison for the five years immediately prior to his application for SSI in July 2021, and Plaintiff served a term of probation that ended in May 2023. AR 44, 369, 391.

As Judge Fitzpatrick did in his recommendation, this Court dispenses with a more detailed summary of the record as it is not relevant to the reasons that this Court remands the matter. Dkt. 20 at 6.

---

[1] The factual background is drawn from the Administrative Record, referred to as "AR." The Administrative Record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). Dkt. 5. In accordance with those rules, this Memorandum Opinion and Order excludes any personal identifiers and limits discussion of plaintiff's medical information.

B.  Procedural History

On July 12, 2021, Plaintiff filed an application for SSI.  AR 98.  On January 1, 2022, Plaintiff appointed Andrew G. Mathis to represent him with respect to his claims.  AR 121-25.  On March 25, 2022, Plaintiff's application for SSI was denied.  AR 127-30.  On May 18, 2022, Plaintiff requested reconsideration of his SSI denial.  AR 131.  The Social Security Administration ("SSA") affirmed its denial of Plaintiff's application for SSI, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was scheduled for March 10, 2023.

On March 10, 2023, ALJ Raghav Kotval held an in-person hearing on Plaintiff's disability claims.  AR 42-89.  At the hearing, Plaintiff, who was represented by his counsel Mr. Mathis, appeared, provided testimony and answered questions posed by the ALJ and by his own representative.  AR 48-83.  Additionally, a vocational expert, Rick Bradley, also appeared and testified.  AR 83-89.

On April 25, 2023, the ALJ issued a decision finding that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act.  AR 16-36.  Plaintiff thereafter timely requested that the SSA Appeals Council review the ALJ's April 25, 2023 Decision.  AR 209-11.  On September 5, 2023, the SSA Appeals Council denied Plaintiff's request for review, finding no reason to review the ALJ's decision under its rules.  AR 1-6.  Accordingly, the ALJ's April 25, 2023 Decision became the final decision of the Commissioner.  AR 1; *see* 20 C.F.R. §§ 404.981, 416.1481.  Thereafter, Plaintiff had 60 days to file a civil action challenging the decision.  AR 2; *see* 20 C.F.R. §§ 404.981, 416.1481.[2]

---

[2] The 60-day deadline for Plaintiff to file a civil action began five days after the date of the notice letter from the Appeals Council.  Accordingly, Plaintiff's civil action was timely filed.  AR 2.

On November 3, 2023, Plaintiff filed this civil action. Dkt. 1. On April 26, 2024, Plaintiff filed his motion for summary judgment. Dkts. 6, 7. On May 15, 2024, the Commissioner filed a memorandum in opposition to Plaintiff's motion for summary judgment as well as a cross-motion for summary judgment. Dkts. 9-11. On May 29, 2024, Plaintiff filed his reply. Dkt. 13.

On October 25, 2024, the parties appeared before Judge Fitzpatrick for a hearing on the cross motions, at which Judge Fitzpatrick raised concerns with the adequacy of: (1) the ALJ's development of a logical bridge between the record evidence and his residual functional capacity ("RFC") determination; (2) the ALJ's RFC determination and explanation in light of his assessing a "paragraph B" moderate limitation in "concentration, persistence, or pace"; and (3) the ALJ's evaluation of the credibility of Plaintiff's own statements.[3] Dkt 16. Both the Commissioner and Plaintiff were put on notice as to Judge Fitzpatrick's concerns and given multiple opportunities to be heard on those concerns by virtue of the October 25, 2024 hearing and the order that following from it, which permitted additional briefing on the issues. Dkt. 17. On November 4, 2024, the Commissioner filed his supplemental memorandum. Dkt. 18. On November 18, 2024, Plaintiff submitted his supplemental memorandum, which was untimely, but was taken under consideration by Judge Fitzpatrick in the R&R. Dkt. 19; *see* Dkt. 20 at 3 n.4 ("The undersigned considered Plaintiff's supplemental memorandum despite its untimely filing.").

On December 23, 2024, Judge Fitzpatrick issued his R&R. Dkt. 20. On January 6, 2025, the Commissioner made a motion for extension of time to file objections, which was granted by Judge Fitzpatrick on January 7, 2025. Dkts. 21; 22. On January 21, 2025, the Commissioner filed

---

[3] While neither party raised any of these concerns in the initial briefing on the motion for summary judgment and cross motion for summary judgment, a Magistrate Judge possesses the authority to consider these issues *sua sponte* in social security cases, even if the issues were not initially briefed by any party. *See Jennifer P. v. Comm'r, Social Sec. Admin.*, 2019 WL 13233008, at *4 n.l (N.D. Ga. Oct. 8, 2019) (collecting cases).

his Objections. Dkt. 23. On February 4, 2025, Plaintiff filed his response to Defendant's objections. Dkt. 24.

## II.  STANDARD OF REVIEW

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made."). However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *In re Zetia Antitrust Litig.*, 400 F. Supp. 3d 418, 424 & n.4 (E.D. Va. 2019); *Pittard v. Berryhill*, 2018 WL 4219193, at *1 (E.D. Va. Sept. 5, 2018). In the event a plaintiff's "objections" merely restate her prior arguments, the Court "need only review the Report and Recommendation using a 'clear error' standard." *Lee v. Saul*, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Under the Social Security Act, a district court will affirm the Commissioner's final decision "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

## III. ANALYSIS

In the R&R, Judge Fitzpatrick thoroughly reasoned that the ALJ failed to develop a sufficient logical bridge in forming his RFC, which then rendered the ALJ's opinion unreviewable for substantial evidence. Dkt. 20 at 9-15. Judge Fitzpatrick determined that, "[o]n remand, the ALJ should develop an explanation that provides a 'logical bridge' between the evidence and his assessed RFC limitations, as the regulations require." *Id.* at 15. Judge Fitzpatrick further noted that the ALJ failed to, and on remand needed to, explain and include an RFC limitation corresponding to the 'paragraph B' moderate limitation in concentration, persistence, or pace, or explain why no such limitation is necessary." *Id.*

In Defendant's objections to the R&R, the Commissioner argues that "substantial evidence . . . supports the [ALJ's] RFC [determination] included limitations to accommodate Plaintiff's moderate limitations in concentration, persistence, or pace" and that "the ALJ also created a logical bridge between the evidence and the RFC." Dkt. 23 at 1, 3. In other words, Defendant generally disagrees with Judge Fitzpatrick's recommendation based on the ALJ's reasoning and believes that substantial evidence supported the ALJ's decisions. Defendant's objection to the recommendation is, at its core, a fundamental disagreement with Judge Fitzpatrick's assessment of the sufficiency of the ALJ's logic behind the determinations made. In sum, in the objections, Defendant goes on to rehash the same arguments made to Judge Fitzpatrick in the supplemental briefing, this time seeking to have this Court find them compelling.

On *de novo* review, this Court agrees with Judge Fitzpatrick that the ALJ failed to create a logical bridge between the evidence and the assessed RFC limitations as required by regulations which frustrates review of his findings. Regulations prescribe the manner in which the ALJ must assess a claimant's RFC. The RFC is an assessment of an individual's ability to do sustained

work-related physical and mental activities in a work setting on a regular and continuing basis. 61 Fed. Reg. 34,474 (July 2, 1996). The RFC assessment must identify the claimant's functional limitations and assess their work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545. *Id.* at 61 Fed. Reg. 34,475. The ALJ is required to provide a narrative discussion describing how the evidence supports each specific conclusion, citing particular medical facts and nonmedical evidence. *Id.* at 61 Fed. Reg. 34,478; *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from that evidence to his conclusion." *Id.* (internal quotation marks omitted) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (holding that "a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence")); *Thomas v. Berryhill*, 916 F. 3d 307, 311 (4th Cir. 2019) (requiring that an ALJ's discussion should contain "three components: (1) evidence, (2) logical explanation, and (3) conclusion"). "[T]he ALJ's logical explanation is just as important as the other two [components]. Indeed . . . meaningful [substantial evidence] review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas*, 916 F. 3d at 307; *see also Patterson v. Comm'r of Soc. Sec. Admin*, 846 F. 3d 656, 663 (4th Cir. 2017) (cleaned up) (holding that "the ALJ's lack of explanation . . . rendered his decision unreviewable").

A *de novo* review of the record demonstrates that the ALJ erred by failing to sufficiently explain his reasoning that led to the RFC findings. The ALJ provided a substantial and exhaustive summary of Plaintiff's allegations, medical records, consultative examinations, and medical opinions. AR 25-30. Yet, when taking this evidence into consideration, the ALJ failed to properly

explain how the evidence impacted the RFC determination. Rather the ALJ provided a conclusory and circular explanation, stating that the RFC "is consistent with a totality of the evidence . . . [and a]fter careful consideration of the evidence . . . the findings specified within th[e RFC] assessment are consistent with . . . the overall evidence in the file." AR 30. In other words, the ALJ noted that the RFC was consistent with the evidence but failed to shed any useful light on how or why the evidence was consistent with the RFC. *See Monroe*, 826 F. 3d at 189 ("The ALJ cited evidence that he appeared to believe tended to discredit [claimant's] testimony . . . However, he failed to 'build an accurate and logical bridge'").

Granted, there exists no requirement that the ALJ directly link all discrete evidence to a conclusion, but the complete lack of logical explanation demonstrates that the "ALJ [has gone] straight from listing evidence to stating a conclusion." *Thomas*, 916 F. 3d at 307. There is no discussion as to why the evidence supported the ALJ's RFC determination.[4]  Simply "summariz[ing] evidence that [the ALJ] found credible, useful, and consistent" does not itself "explain[] how he concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by [the RFC]." *Woods*, 888 F. 3d at 694 (emphasis added).

This lack of the logical bridge alone calls for remand, but is especially so given that case law in this Circuit has repeatedly established that, having found that Plaintiff has a "paragraph B" moderate limitation in concentration, persistence, or pace at step 3, the ALJ must include a

---

[4] In support of Defendant's objections, Defendant cites the *Turner* case, where the Fourth Circuit found that remand was not warranted because the ALJ *had* created a logical bridge between the RFC findings and the evidence. *See Turner v. Comm'r of Soc. Sec.*, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024). In that regard, *Turner* differs fundamentally from the case at hand. As the Fourth Circuit noted, in *Turner*, it was not a case where "the ALJ just ignored a claimant's principal argument or significant evidence when assessing her RFC"; rather, "the ALJ grappled with the evidence and explained its RFC assessment." *Id.* That is what the ALJ failed to do here and that is why remand is appropriate.

8

corresponding limitation (whether that be related to absenteeism or otherwise) in his RFC assessment beyond limiting plaintiff to performing only "simple routine, tasks," or explain why no such limitation is necessary. *Dennis v. Berryhill*, 362 F. Supp. 3d 303, 308 (W.D.N.C. 2019) (collecting cases) (citing *Mascio*, 780 F. 3d at 638); *Shinaberry v. Saul*, 952 F. 3d 113, 121 (4th Cir. 2020). "To the extent that the ALJ may have attempted to address [P]laintiff's moderate difficulties in concentration, persistence, or pace . . . he was unsuccessful." *Evan H. v. Kijakazi*, 2023 WL 6216647, at *4 n.5 (D. Md. Sept. 25, 2023) (internal quotation marks omitted). The ALJ did not provide "clarity on how the[] limitations are relevant to [P]laintiff's ability to concentrate, persist, or maintain pace." *Id.* Accordingly, the ALJ failed to provide the corresponding limitation in his RFC (or explain why no such limitation was necessary) as required.

This is not a case where the ALJ "addressed the impairments, set out limitations, and explained why the evidence supported those limitations but not others." *Turner*, 2024 WL 2764722, at *5 (citing *Shinaberry*, 952 F. 3d at 122). Here, the ALJ has not "grappled with the evidence" beyond straightforwardly rehashing it with little commentary or "provide[d] reasons connecting that evidence to the conclusions [he] reached about [plaintiff's] RFC," and the Court is "left to guess about how the ALJ arrived at his conclusions on the claimant's ability to perform relevant functions." *Id.* (citing *Mascio*, 780 F. 3d at 637).

Accordingly, the ALJ's failure to create the logical bridge and identify the paragraph B corresponding limitation necessitate remand in this case as such an "inadequac[y] in the ALJ's analysis frustrate[s] meaningful review." *Delesline-Meggett v. Comm'r of Soc. Sec.*, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023). On remand, the ALJ should develop an explanation that provides a logical bridge between the evidence and his assessed RFC limitations, as the regulations require. The ALJ should also include an RFC limitation corresponding to his "paragraph B"

9

moderate limitation in concentration, persistence, or pace, or explain why no such limitation is necessary.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the R&R (Dkt. 20) is ACCEPTED and ADOPTED; and it is

FURTHER ORDERED that Defendant's Objections (Dkt. 23) are OVERRULED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 6) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 10) is DENIED; and it is

FURTHER ORDERED that this case be REMANDED to the agency for further proceedings consistent with this Order; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia

February 11, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge